# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC,<br><br>    Plaintiffs/Counter-Defendants,<br><br>v.<br><br>FKA DISTRIBUTING CO., LLC, dba HOMEDICS,<br><br>    Defendant/Counter-Claimant. | Civil Action No. 2:24-cv-10115-TGB-KGA<br><br>Hon. Terrence G. Berg<br>Magistrate Kimberly G. Altman |

**PLAINTIFFS/COUNTER-DEFENDANTS HYPER ICE, INC. and HYPERICE IP SUBCO, LLC'S ANSWER TO DEFENDANT FKA DISTRIBUTING CO., LLC DBA HOMEDICS' COUNTERCLAIMS**

Plaintiffs Hyper Ice, Inc., and Hyperice IP Subco, LLC, ("Plaintiffs" or, collectively, "Hyperice") by and through their undersigned attorneys, hereby submit the following Answer to the Counterclaims filed by Defendant FKA Distributing Co., LLC, dba Homedics ("Homedics" or "Defendant").

1. Defendant, Counterclaim-Plaintiff, Homedics is a limited liability company organized under the laws of Michigan, having a principal place of business at 3000 Pontiac Trail, Commerce Township, Michigan 48390.

**ANSWER:** Admitted.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim-Defendant, Hyper Ice, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

**ANSWER:** Admitted.

3. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim-Defendant, Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Delaware.

**ANSWER:** Admitted.

4. Homedics incorporates by reference Paragraphs 1–2 above.

**ANSWER:** Hyperice repeats and realleges its answers to paragraphs 1-2.

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

**ANSWER:** Admitted.

6. Hyperice has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in the Complaint.

**ANSWER:** Admitted.

7. Based on Hyperice's allegations above and filing of this action, venue is proper for purposes of these counterclaims in this District under 28 U.S.C. §§ 1391.

**ANSWER:** Admitted.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT OF THE '482 PATENT

8. Homedics incorporates by reference Paragraphs 1–7 above.

**ANSWER:** Hyperice repeats and realleges its answers to paragraphs 1-7.

9. Based on Hyperice's filing of this action and at least Homedics' first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Homedics infringes U.S. Patent No. 11,857,482 (the "'482 Patent").

**ANSWER:** Admitted.

10. Homedics does not infringe any claim of the '482 Patent because, inter alia, Homedics does not make, use, sell offer for sale or import a product, or induce or contribute others to do so, which meets the claim limitations of the '482 Patent.

**ANSWER:** Denied.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Homedics requests a declaration by the Court that Homedics has not infringed and does not infringe any claim of the '482 Patent under any theory of infringement.

**ANSWER:** Hyperice admits that Homedics requests a declaration of non-infringement, but Hyperice denies that Homedics has not infringed and does not infringe any claim of the '482 Patent.

## COUNT II

## DECLARATION REGARDING INVALIDITY

12. Homedics incorporates by reference Paragraphs 1–11 above.

**ANSWER:** Hyperice repeats and realleges its answers to paragraphs 1-11.

13. Based on Hyperice's filing of this action and at least Homedics' Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '482 Patent.

**ANSWER:** Admitted.

14. The asserted claims of the '482 Patent are invalid for failing to meet one or more requirements of 35 U.S.C. § 101 *et seq.*

**ANSWER:** Denied.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Homedics requests a declaration by the Court that the claims of the '482 Patent are invalid.

**ANSWER:** Hyperice admits that Homedics requests a declaration of invalidity, but Hyperice denies that any claims of the '482 Patent are invalid.

## GENERAL DENIAL

Plaintiffs deny as untrue any allegation or request not specifically admitted above.

## AFFIRMATIVE DEFENSES

Plaintiffs' affirmative defenses are listed below. By alleging the Defenses set forth below, Plaintiffs do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. Plaintiffs reserve the right to amend their Answer and to add and/or amend their Affirmative Defenses consistent with any facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

Plaintiffs reserve any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered as there has been no discovery in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

A. Enter judgment that Defendant is not entitled to any of the relief requested in its Answer and Counterclaims;

B. Enter judgment that the claims of the '482 Patent are valid and enforceable;

C. Enter judgment that Defendant has infringed '482 Patent;

D. Enter judgment in favor of Plaintiffs and against Defendant on all claims and grant the relief sought in Plaintiffs' First Amended Complaint (ECF No. 10);

E. Find that this is an exceptional case under 35 U.S.C. § 285 and award Plaintiffs their reasonable attorney fees and costs; and

F. Award Plaintiffs any and all other relief that the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: May 8, 2024                         Respectfully submitted,

By: /s/ J. Bradley Luchsinger
J. Bradley Luchsinger (P76115)
Glenn E. Forbis (P52119)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Ste. 200
Troy, MI 48088
(248) 641-1600
(248) 641-0270 Fax
bluchsinger@harnessip.com
gforbis@harnessip.com

Ben Herbert
(admitted pro hac vice)
Miller Barondess LLP
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
310.552.4400
bherbert@millerbarondess.com

Lawrence R. LaPorte
(pro hac vice application forthcoming)
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
213.250.1800
lawrence.laporte@lewisbrisbois.com

*Attorneys for Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on May 8, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon all counsel of record and ECF participants.

Mark A. Cantor (P32661)
Dustin R. Zak (P83731)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
dzak@brookskushman.com

*Attorneys for Defendant*

                                                    /s/ J. Bradley Luchsinger
                                                    J. Bradley Luchsinger
                                                    HARNESS, DICKEY & PIERCE, P.L.C.
                                                    5445 Corporate Drive, Ste. 200
                                                    Troy, MI 48088

28293453.1